**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Miami Division**

**Case No. _______**

**Demand for Jury Trial**

Shipping and Transit, LLC,

Plaintiff,

vs.

OpticsPlanet, Inc.,

Defendant.
_________________________________/

## Complaint for Patent Infringement

Plaintiff, Shipping and Transit, LLC, by and through its undersigned counsel, hereby sues Defendant, OpticsPlanet, Inc. ("OP"), and in support, alleges as follows:

## Nature of the Lawsuit

1. This is an action for patent infringement of United States Patent Numbers: 7,400,970; 6,904,359; 6,975,998; and, 7,030,781, arising under the patent laws of the United States, Title 35 of the United States Code.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over OP pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that OP: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws,

services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

**The Plaintiff**

5. Plaintiff, Shipping and Transit, LLC, is a Florida Limited Liability Company with a principal place of business located in Boynton Beach, Florida.

**The Defendant**

6. Defendant, OP, is an Illinois Corporation with a principal place of business located in Northbrook, Illinois. OP has many customers in Florida and within this Judicial District. The products and services infringing the patents in suit include electronic notifications sent to customers within Florida and specifically this Judicial District. Thus, OP transacts business in Florida and within this Judicial District, and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims of the '359, '998, '781, and '970 patents.

**The Plaintiff's Patents**

7. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay", issued April 18, 2006. A copy of the '781 patent is attached hereto as Exhibit 1.

8. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,975,998 ("the '998 patent"), entitled "Package Delivery Notification System and Method", issued December 13, 2005. A copy of the '998 patent is attached hereto as Exhibit 2.

9. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008. A copy of the '970 patent is attached hereto as Exhibit 3.

10. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 4.

11. The '781 patent referenced in Paragraph 7 above was the subject of an Ex Parte Reexamination at the United States Patent and Trademark Office. A Re-Examination Certificate was issued on July 2, 2013 and is attached hereto as Exhibit 5.

12. The '359 patent referenced in Paragraph 10 above was the subject of an Inter Partes Reexamination at the United States Patent and Trademark Office. A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 6.

## Count I
## Direct Patent Infringement

13. Plaintiff hereby incorporates Paragraphs 1 through 12 set forth above as if fully set forth herein.

14. Pursuant to 35 U.S.C. § 271(a), OP has directly infringed claims of the '359, '998, '781, and '970 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies within its **"ADVANCE SHIP NOTICE"** and **"SHIPPING CONFIRMATION EMAIL"** services that are protected within the '359, '998, '781, and '970 patents, as every claim limitation, or its

equivalent, is found in these functions, applications, solutions, devices, programs, products, services, methods and/or systems.

15. OP'S direct infringement has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the ‘359, ‘998, ‘781, and ‘970 patents.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against OP and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with OP, granting the following relief:

A. An award of damages against OP adequate to compensate Plaintiff for the infringement that has occurred with respect to OP, together with prejudgment interest from the date that OP’S infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiff its attorney’s fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against OP prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

**Count II**
**Indirect Patent Infringement**

16. Plaintiff hereby incorporates Paragraphs 1 through 15 set forth above as if fully set forth herein.

17. Pursuant to 35 U.S.C. §§ 271(b) and (c), OP has indirectly infringed claims of the '359, '998, '781, and '970 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies within its **"ADVANCE SHIP NOTICE"** and **"SHIPPING CONFIRMATION EMAIL"** services that are protected within the '359, '998, '781, and '970 patents, as OP actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as OP had knowledge, rather than intent, that its activity caused such infringement.

18. OP'S contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '359, '998, '781, and '970 patents.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against OP and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with OP, granting the following relief:

A. An award of damages against OP adequate to compensate Plaintiff for the infringement that has occurred with respect to OP, together with prejudgment interest from the date that OP'S infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiff its attorney's fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction against OP prohibiting further infringement of the patents at issue; and,

E. All other relief as the Court or a jury may deem proper and just in this instance.

**Jury Demand**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 28, 2015.

Respectfully submitted,

/s/ William R. McMahon

William R. McMahon, Esquire
Florida Bar Number: 39044
WRM Law, LLC
37 Edinburgh Drive
Palm Beach Gardens, Florida 33418
Telephone: 561-699-3456
Email: bill@mlfllc.com
**Counsel for Plaintiff**